

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 20, 1947

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Driver's License Division
Camp Mabry
Austin, Texas

Opinion No. V-91

Re: Authority of the Highway
Department to require the
surrender of driver's li-
cense; sufficiency of de-
mand for such license.

Dear Sir:

Your opinion request is as follows:

"A licensee has been finally convict-
ed of aggravated assault upon the person by
means of a motor vehicle. Section 24 of
Article 6687b, passed by the Forty-seventh
Legislature, provides for the automatic sus-
pension of the operator's, commercial opera-
tor's or chauffeur's license upon a final
conviction of this offense.

"Sub-section a, Section 25, of this
same Article authorizes the Court in which
conviction is had to require the surrender
of all operator's, commercial operator's,
and chauffeur's license then held by the
person so convicted.

"Our Question No. 1 is: Whether or
not the Texas Department of Public Safety
has the authority under Section 26 of Art-
icle 6687b, to require the licensee to sur-
render his license certificate when the Court
of conviction fails to order the surrender of
the operator's, commercial operator's or chauf-
feur's license. Question No. 2. Would notifi-
cation made through formal suspension order to
the licensee by regular U.S. mail constitute
service under Section 26 and make the licensee
subject to the penalty provided in paragraph 4
of Section 32, if he fails to comply?"

516

Hon. Homer Garrison, Jr. - Page 2, V-91

        The Legislature, in creating the Department of Public Safety, prescribed that it be generally responsible for the enforcement of laws protecting the public safety, for the prevention and detection of crime, and that it maintain principal office and headquarters in the City of Austin, where all of its records shall be kept. See Title 70, Ch. 5, Vernon's Civil Statutes of Texas, and in particular Article 4413. (1).

        The Department's duties are peculiarly designed and conceived in connection with the enforcement of our traffic safety laws of which the driver's license law is an important part. The driver's license law, Article 6687b, contemplates that the Department of Public Safety shall be generally responsible for the administration and enforcement of its provisions. Elaborate provisions are made for both the qualification of drivers and the issuance of evidence of such qualifications in the form of licenses by the Department. The Act obviously contemplates that the Department effect the withdrawal of licenses from those not entitled thereto and the Act should be so construed as to accomplish that purpose, whether the licenses were suspended at the hearing before the board or upon an automatic suspension by virtue of a conviction of any of the offenses enumerated under Section 24 of Article 6687b, V.C.S., which embraces aggravated assault upon the person by means of a motor vehicle.

        Section 24 of Article 6687b, V.C.S., reads:

        "AUTOMATIC SUSPENSION OF LICENSES.
    (a)   The license of any person shall be automatically suspended upon final conviction of any of the following offenses:
    * * *

        "5.   A conviction upon a charge of aggravated assault upon the person by means of motor vehicle, as provided by law. * * *"

        The word "automatic" has been defined by Funk and Wagnalls New Standard Dictionary of the English language as "acting as an automaton, or from forces inherent or placed within itself; self moving or self regulating under necessary law". The Court in Cleveland Target Company vs. Empire Target Co., 97 Fed. 44, said: "In common parlance, 'automatic' means self-acting."

It therefore follows that on a final conviction of aggravated assault upon the person by means of a motor vehicle the license is immediately suspended under Subsection 5 of Section 24 by force of the law without further act by anyone.

Section 25 provides:

"(a) Whenever any person is convicted of any offense for which this Act makes automatic the suspension of the operator's, commercial operator's, or chauffeur's license of such person, the court in which such conviction is had shall require the surrender to it of all operators', commercial operators', and chauffeurs' licenses then held by the person so convicted and the clerk of said court shall thereupon forward the same together with a record of such conviction to the Department, within ten (10) days from the date of the conviction.

"(b) Every court having jurisdiction over offenses committed under this Act, or any other Acts of this State regulating the operation of motor vehicles on highways, shall forward to the Department a record of the conviction of any person in said court for a violation of any said laws, and may recommend the suspension of the operator's, commercial operator's, or chauffeur's license of the person so convicted, as provided in Section 22 of this Act.

"(c) For the purpose of this Act, the term 'conviction' shall mean a final conviction. Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction.

"Provided, however, that in case of conviction for any of the offenses enumerated in paragraph (a) of Section 24 of this Act, and the sentence of the court having been suspended as provided in the Statutes, such suspended sentence shall not mitigate against the suspension of the operator's, commercial operator's

or chauffeur's license of the person con-
victed."

Section 25 directs the court to report to
the Department all convictions of violations of all
laws regulating the operation of motor vehicles on
the highways. The purpose of these requirements is
to furnish the foundation for appropriate action by
the Department. In the instances where suspension
is automatic the law recognizes that no further hear-
ing is required for the procedural "due process of
law," because the person accused in the criminal ac-
tion is bound to know, as a matter of law, that an
automatic suspension of his driver's license will be
a consequence of his conviction. The right to the
driver's license is tried as a part of the same suit.
The court is directed to immediately take up the li-
cense and the clerk of said court to forward same to-
gether with a record of such conviction to the Depart-
ment within ten (10) days from the date of the convic-
tion. It is incumbent upon the Court to require the
surrender of the license and the clerk to forward same
with the record of conviction to the Department. The
court's failure, however, to require the surrender of
the license does not affect its suspension.

Section 26 of Article 6687b provides:

"The Department, upon suspending or
revoking a license shall require that such
license shall be surrendered to and retain-
ed by the Department except that at the end
of the period of suspension of such license,
the license so surrendered shall be returned
to the licensee."

In our opinion Section 26 deals only with sus-
pension or revocations by the Department itself and not
in cases where the suspending or revoking is brought a-
bout automatically by a conviction as enumerated in Sec-
tion 24.

Section 32 of Article 6687b provides:

"It shall be unlawful for any person
to commit any of the following acts: * * *
(4) To fail to refuse to surrender to the
Department on demand any operator's, com-
mercial operator's or chauffeur's license

which has been suspended, concelled or re-
voked as provided by law. * * *"

We view this section as the Department's auth-
ority to demand any operator's, commercial operator's
or chauffeur's license which has been suspended, either
by the Department after hearing or by a final conviction
upon a charge of aggravated assault upon the person by
means of a motor vehicle under Subsection 5 of Section
24, supra.

You are therefore, advised in answer to your
first question that the Department does not have the
authority under Section 26 but does have under Section
32 (4) to require the licensee to surrender his license
upon a final conviction of aggravated assault by means
of a motor vehicle, where the court of conviction fails
to require its surrender.

It is our opinion that any customary form of
communication written or verbal which is made by the
Department and received by the licensee, that is cal-
culated to clearly indicate a demand is made under the
authority of Section 32 (4) is sufficient. We also think
that evidence indicating a letter has been so forwarded
creates a presumption that it has been received by the
addressee. It should be pointed out in this connection
that many defenses could be interposed to such a demand
by mail. The best procedure, therefore, on which to
predicate a prosecution for failure or refusal to sur-
render the license to the Department would be to per-
sonally serve the licensee with a written demand.

## SUMMARY

The Department of Public Safety has
authority under Sec. 32 (4) of Art. 6687b,
V.C.S., (and not under Section 26 thereof)
to require the licensee to surrender his
license upon conviction of the offense of
aggravated assault upon the person by means
of motor vehicle where the court fails to
require surrender of the license. A letter
by the Department properly addressed, stamp-
ed and deposited in the U.S. mail, directed
to the licensee, demanding the surrender of

Hon. Homer Garrison, Jr. - Page 6, V-91

his suspended license is a sufficient "demand" under paragraph 4 of Section 32 of Article 6687b, V.C.S. if received by the licensee.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert A. Hall

Robert A. Hall
Assistant

RAH/mrj/lh

APPROVED: March 20, 1947

Price Daniel
ATTORNEY GENERAL